UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                                              )<br>)<br>TREZJUAN THOMPSON,              )<br>)<br>         **Defendant**       ) | **Criminal No. 2:13-cr-154-DBH** |

**ORDER ON DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT**

The defendant Trezjuan Thompson has moved to dismiss the Indictment against him, asserting that it is defective. The Indictment provides:

> The Grand Jury charges:
>
> On about June 30, 2013 in the District of Maine, defendant
>       TREZJUAN THOMPSON
> knowingly and forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with Paul Abrol. At the time, Paul Abrol was a person designated in Title 18, United States Code, Section 1114, and was engaged in the performance of his official duties as a correctional officer at the Cumberland County Jail. Paul Abrol was assisting the United States Marshal for the District of Maine, an employee of the United States, in the performance of the Marshal's official duties. Such acts by Trezjuan Thompson involved physical contact with Paul Abrol.
> In violation of Title 18, United States Code, Section 111(a)(1).

Indictment (ECF No. 1). Thompson argues that "it [1] fails to contain sufficient facts to give him fair notice of nature or cause of the accusation against him and [2] does not contain sufficient facts to establish Federal Jurisdiction." Def. Mot.

to Dismiss Defective Indictment at 2 (ECF No. 62).  I deal with the two arguments in sequence.

With respect to the first argument, Fed. R. Crim. P. 7(c)(1) provides that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  The First Circuit has stated:

> An indictment that tracks the language of the underlying statute generally suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty. In other words, the statutory language may be used in the indictment to describe the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."

United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010) (citations omitted) (quoting Hamling v. United States, 418 U.S. 87, 117-18 (1974)).  Thompson does not contend that the Indictment against him fails to contain the elements of the offense; instead, his challenge is to the adequacy of the factual allegations—that the Indictment does not include any facts that give him fair notice:

> No where in the Indictment is there a statement of the facts and circumstances as would inform Mr. Thompson of the specific conduct of offense, "coming under the general description, with which he is charged." . . . Nor does the Indictment contain any statement of facts describing the nature, type or degree of the alleged "physical contact."

Def. Mot. at 4 (quoting Hamling, 418 U.S. at 117-18). I reject the argument. The Indictment asserts that Thompson assaulted Paul Abrol on June 30, 2013, using physical contact; that at the time Abrol was a correctional officer at the Cumberland County Jail engaged in performing his duties; and that at the time

2

Abrol was assisting the United States Marshal for the District of Maine in the performance of official Marshal duties.  No more is necessary.  In the words of the Tenth Circuit Court of Appeals in a case cited by Thompson, the Indictment gives Thompson "fair notice of the charges against him which he must defend, and enables the defendant to assert a double jeopardy offense." United States v. Hathaway, 318 F.3d 1001, 1009 (10th Cir. 2003) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)).

On the second argument, Thompson argues that "[n]either of the parties' [County Correctional Officer Abrol's and the U.S. Marshal's] duties is described.  Nor is there a description of the nexus between Paul Abrol and the unnamed United States Marshal which would cloak Abrol with protection under Section 1114, thus establishing federal jurisdiction."  Def. Mot. at 4.  Once again, I disagree.  Section 111(a)(1) of Title 18 United States Code makes it a crime to assault "any person designated in section 1114 of this title while engaged in or on account of the performance of official duties."  In turn, section 1114 designates "any person assisting" an "officer or employee of the United States" in "the performance of official duties."  18 U.S.C. § 1114.  Here, the Indictment alleges that Thompson assaulted a correctional officer at the jail while that correctional officer was assisting the United States Marshal in the performance of the Marshal's official duties.  Those allegations establish federal jurisdiction.

There was no need to name the Marshal and no need to describe the respective officers' specific duties or the "nexus" between them.[1]

Accordingly, the defendant's motion to dismiss the indictment is **DENIED**.

**SO ORDERED.**

**DATED THIS 26TH DAY OF OCTOBER, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Previously I denied the defendant's motion to dismiss when he argued that the County Correctional Officer was not assisting the Marshal at the relevant time.  I ruled that a factual controversy like that would have to be determined at trial.  Order on Def.'s Mot. to Dismiss (ECF No. 24).